```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND


BARBARA S. POOLE,
     Plaintiff,

     v.                                      C.A. No. 12-43L

SCOTT P. MACKEY, MINOO
TEHRANI, MICHAEL MELTON,
JOHN DOE 1-10, MARY ROE 1-10,
Individually and in their capacities
as employees and faculty members
and/or administration of Roger Williams
University, and ROGER WILLIAMS UNIVERSITY.
```

## MEMORANDUM AND ORDER

This case involves a dispute between Plaintiff Barbara Poole, Associate Professor of Finance at Roger Williams University, and several co-workers, Defendants Scott P. Mackey, Minoo Tehrani and Michael Melton, as well as unspecified John Does and Mary Roes, and Roger Williams University. Plaintiff's Amended Verified Complaint ("the Complaint") is comprised of six state-law claims and was originally filed in Providence Superior Court in late 2011. In January 2012, Defendants removed the lawsuit to this Court and filed a motion to dismiss the Complaint based on their argument that Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (hereinafter "LMRA"), because she is a member of the University faculty's collective bargaining unit. In a decision

issued September 19, 2012,[1] this Court denied Defendants' motion to dismiss, holding that Plaintiff's claims were not governed by the collective bargaining agreement and were therefore outside the scope of LMRA preemption. Since that time, Defendants have moved this Court to stay the proceedings and to certify an interlocutory appeal, enabling them to appeal the Court's ruling on LMRA preemption to the Court of Appeals for the First Circuit. Additionally, Plaintiff has renewed her motion to remand the case to state court. These issues, having been argued and briefed, are now in order for decision. For the reasons explained below, the Court denies Defendants' motion to certify an interlocutory appeal and grants Plaintiff's motion to remand the lawsuit to Providence Superior Court.

## Background

As explained in greater detail in the earlier decision, Plaintiff alleges that her tenure application was sabotaged when her colleagues, possibly at the urging of a member of the University administration, sent a letter to the tenure review committee that contained false representations concerning her academic scholarship and professional integrity. Citing the shortcomings referenced in Defendants' letter, the tenure review committee recommended that Plaintiff not be promoted, and

---

[1] Poole v. Mackey, __ F. Supp.2d __, (D.R.I. 2012), 2012 WL 4096368.

eventually, through the customary channels, her tenure application was denied.

Plaintiff filed a grievance with the faculty union and pursued its resolution to arbitration. In November 2011, the arbitrator made an award in Plaintiff's favor, finding that the University violated the collective bargaining agreement during its review of Plaintiff's tenure application, and ordering that a new committee be convened to review her candidacy.

In her complaint, Plaintiff claims that she was libeled by her colleagues' defamatory letter, which was disseminated throughout the University community with no regard for its truthfulness. This caused her emotional distress and damaged her reputation, both at Roger Williams and throughout the larger professional community. Plaintiff asserts that the University is vicariously liable for the actions of her colleagues, and that it was negligent in overseeing their conduct.

In reliance on the Supreme Court's decision in <u>Lingle v. Norge Div. of Magic Chef, Inc.</u>, this Court analyzed Plaintiff's claims with a two-part test: 1) do the claims allege any breach of duty arising from the collective bargaining agreement? or 2) does the resolution of the claims rely on interpreting the collective bargaining agreement?  486 U.S. 399, 405-06, (1988). This Court concluded that Plaintiff's central allegation, that Defendants, negligently or wilfully, circulated a false, damaging

and unprivileged statement about her, did not set forth a breach of the collective bargaining agreement, nor would its resolution require an interpretation of that agreement. Consequently, the Court denied Defendants' motion to dismiss.

### Motion for certification of interlocutory appeal

Defendants have moved for an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[2] Defendants argue that the Court made a close call, and possibly an erroneous one, in an unsettled area of the law. According to Defendants, a present appeal to the First Circuit might contribute to a speedy resolution of this matter, possibly avoiding protracted litigation and an appeal on the same issue at a later date.

The First Circuit has consistently resisted entertaining interlocutory appeals, writing that they "should be used sparingly and only in exceptional circumstances..." Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005). In that case, the District Court granted defendants'

---

[2] This section provides:

**(b)** When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

motion for an interlocutory appeal and the First Circuit initially granted the petition to hear the appeal, then vacated its order, writing, "As a general rule, we do not grant interlocutory appeals from a denial of a motion to dismiss." Id. The First Circuit went on to explain that its policy was based on its disfavor of piecemeal litigation, its "prudential concerns about mootness, ripeness, and lengthy appellate procedures...," as well as its explicit lack of concern about limiting trial time at the district court level. Id.

The rule set forth at 28 U.S.C. § 1292(b) provides the Court with a three-part test for determining the propriety of certification: 1) does the disputed issue involve a controlling question of law? 2) does the disputed issue provide a substantial ground for difference of opinion? and 3) would an immediate appeal bring about the ultimate resolution of the lawsuit? Cummins v. EG & G Sealol, Inc., 697 F.Supp. 64, 68 (D.R.I. 1988).

The issue that Defendants seek to appeal to the First Circuit, whether or not Plaintiff's claims are subject to LMRA preemption, easily satisfies prongs one and three of the test. If the First Circuit were to find that Plaintiff's claims are completely preempted by the LMRA, her lawsuit would be dismissed in its entirety. Because she has already sought and received a remedy through the collective bargaining agreement, her search for legal redress would be at an end.

-5-

The second prong is the insurmountable obstacle for Defendants, however, because there is no significant basis for a difference of opinion on LMRA preemption on Plaintiff's particular claims. The Court stands behind its original determination that these claims fall squarely outside the scope of the collective bargaining agreement. The Court also notes that, while Defendants argue that Plaintiff's claims must be preempted, they have not pointed to any section in the collective bargaining agreement that addresses those claims.

On the subject of LMRA preemption, the Supreme Court has drawn a clear line between lawsuits that involve an interpretation of a collective bargaining agreement and those involving "state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 212 (1985); see also Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 260-61 (1994); Flibotte v. Penn. Truck Lines, Inc., 131 F.3d 21, 26 (1st Cir. 1997). The First Circuit has instructed courts to look for "a real interpretive dispute" over the provisions of a collective bargaining agreement. Lydon v. Boston Sand & Gravel Co., 175 F.3d 6, 10 (1st Cir. 1999)(emphasis in the original).

Cases involving tort claims against colleagues, rather than the employer, are generally not preempted. See Busey v. P.W. Supermarkets, Inc., 368 F.Supp.2d 1045 (N.D. Cal. 2005) (union

member's claim against co-worker for defamation not preempted); Johnson v. Anheuser Busch, Inc., 876 F.2d 620 (8th Cir. 1989) (elements necessary to prove libel claim against co-worker do not require interpretation of collective bargaining agreement).  In Luecke v. Schnucks Markets, Inc., 85 F.3d 356, 360 (8th Cir. 1996), the Eighth Circuit Court held that a union member's defamation claims against his co-workers and his employer were not preempted because the resolution of those claims would not involve interpretation of the union contract: "no express or implied term in that provision guides the factual inquiry into whether the speakers actually said Luecke refused to take the [drug] test, whether the statements were false, whether malice attached, and whether damages resulted."

This is not to say that no case can be found to support Defendants position.  Defendants cite Rogers v. NSTAR Electric, 389 F.Supp.2d 100 (D.Mass. 2005) and Cullen v. E.H. Friedrich Co., Inc., 910 F.Supp. 815 (D.Mass. 1995), as well as other cases from other jurisdictions, where courts have found claims similar to Plaintiff's herein subject to LMRA preemption.  All the cases in this area are fact-intensive and fact-driven, and small differences dictate different outcomes.  In Rogers, the District Court of Massachusetts found several of the claims preempted, but not the libel claims against the plaintiff's former co-worker, whose allegations of harassment prompted his termination. 389

F.Supp.2d at 111. In <u>Cullen</u>, plaintiff's preempted libel claims against co-workers stemmed from the written statements provided to his employer in connection with his unsuccessful union grievance procedure over his termination. 910 F.Supp. at 819.  In many of the cases cited by Defendants, the central claims are breach of contract claims, or even union grievances masquerading as tort claims, such as tortious interference with contractual relations, brought by an employee against the employer.  See <u>O'Donnell v. Boggs</u>, 611 F.3d 50 (1st Cir. 2010); <u>Alfieri v. Koelle</u>, 2007 WL 966745 (D.R.I.); <u>Morris v. Ambassador Nursing Home</u>, Inc., 845 F.Supp. 1164 (E.D.Mich. 1994).

Judicial rulings vary on cases that appear to be, at least superficially, similar.  These cases involve line-drawing, and judgment calls.  However, fact-specific line-drawing is not the same as a "substantial ground for difference of opinion." Preemption under the LMRA is a well-settled area of the law, with clear and consistent rulings from both the Supreme Court and the First Circuit to guide lower courts.  It is not an issue with substantive differences of interpretation, and it is not an issue of first impression.  See <u>In re San Juan Dupont Plaza Hotel Fire Litigation</u>, 859 F.2d 1007, 1010 n. 1 (1st Cir. 1988) (interlocutory appeal granted where issue is "sufficiently novel" and "circumstances sufficiently out of the ordinary").  The First Circuit in <u>McGillicuddy v. Clements</u> noted that interlocutory

appeals should be heard only in circumstances "where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority."  746 F.2d 76 n. 1 (1st Cir. 1984).  In Miara v. First Allamerica Financial Life Ins. Co., a case involving federal preemption under ERISA, the district court certified an interlocutory appeal to the First Circuit, citing inconsistencies in rulings amongst the Circuit Courts of Appeal nationally and the lack of a definitive ruling from the First Circuit, and stating, "...binding direction from the First Circuit would clarify and put to rest the existing and abiding confusion in this circuit in this area of the law."  379 F.Supp.2d 20, 68 (D.Mass. 2005).

The present case is wholly different.  While Defendants may be convinced that the Court's ruling is wrong, that is insufficient to demonstrate "a substantial ground for difference of opinion."  See National Community Reinvestment Coalition v. Accredited Home Lenders Holding Co., 597 F.Supp.2d 120 (D.D.C. 2009).  For all these reasons, the Court declines to certify the question of LMRA preemption to the First Circuit and denies Defendants' motion.

## Plaintiff's motion to remand

Plaintiff has renewed her motion to remand this case to Providence Superior Court.  Defendants urge the Court to retain jurisdiction, arguing that, having exercised original subject

matter jurisdiction over the federal preemption issue, the Court may exercise supplemental jurisdiction over the state law claims.

The leading case in the First Circuit, <u>Roche v. John Hancock Mut. Life Ins. Co.</u>, supports Defendants' argument:

> A federal court exercising jurisdiction over an asserted federal-question claim must also exercise supplemental jurisdiction over asserted state-law claims that arise from the same nucleus of operative facts. ...
> In a federal-question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed discretion.

81 F.3d 249, 256-57 (1st Cir. 1996).  This language indicates that the Court has discretion to retain jurisdiction of this matter.  However, the present case differs from <u>Roche</u> in at least one important respect.  Roche's original complaint, filed in Massachusetts state court, alleged that his employer had violated federal law, 42 U.S.C. § 1983, as well as Massachusetts law. <u>Id.</u> at 252-53.  In the case before this Court, Plaintiff has asserted <u>no</u> federal claim.

In <u>Caterpillar Inc. v. Williams</u>, the Supreme Court wrote:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required.  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal

-10-

> question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

482 U.S. 386, 392 (1987)(citations omitted). In the Caterpillar case, the Supreme Court affirmed the Ninth Circuit Court of Appeals' ruling reversing the district court. The district court had determined that the plaintiffs' claims were completely preempted by the LMRA, and then dismissed the complaint when the plaintiffs refused to add a federal claim under § 301. The Supreme Court held that plaintiffs' "state-law claims were not grounded, either directly or indirectly, upon rights or liabilities created by the collective-bargaining agreement," and so were not subject to the powerful complete preemptive power of § 301. Id. at 390. Caterpillar's legal position was characterized as a federal defense, and, consequently, inadequate to provide a basis for federal jurisdiction. Id. at 398-99. ("Congress has long since decided that federal defenses do not provide a basis for removal.")

In the present case before the bench, should Defendants choose to pursue their privilege defense or any other defense based on the collective bargaining agreement, the state court is empowered with concurrent jurisdiction to hear and rule on those issues. See Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 507

(1962) ("...nothing in the concept of our federal system prevents state courts from enforcing rights created by federal law."); Lagana v. IBEW Local 1274, 767 A.2d 666 (R.I. 2001).  Moreover, the Court notes that doubts about removal are traditionally resolved in favor of remand.  Miara v. First Allamerica, 379 F.Supp.2d at 26.

## Conclusion

For the foregoing reasons, the Court denies Defendants' motion to certify an interlocutory appeal to the Circuit Court of Appeals for the First Circuit.  The Court grants Plaintiff's motion to remand this matter to Rhode Island Superior Court, siting in Providence for the counties of Providence and Bristol. It is so ordered.


/s/Ronald R. Lagueux
Ronald R. Lagueux
Senior United States District Judge
March  13, 2013